SEARLS v. BROWN. (No. 1938.)

(Court of Civil Appeals of Texas. Texarkana. April 25, 1918. Rehearing Denied May 9, 1918.)

1. FRAUD ⬤==66—CONFLICT IN FINDINGS.
   In action for fraud in exchange of dry goods for land, findings that parties finally effected exchange under terms in written instrument, and that, though plaintiff finally took dry goods at price marked, he did not know goods had been re-marked, *held* not in conflict.

2. FRAUD ⬤==62—MISREPRESENTATION OF COST PRICE—RECOVERY.
   Where plaintiff contracted to exchange land at $26 an acre for defendant's dry goods at their cost and cost of carriage, but defendant re-marked some goods to make cost price $500 in excess of what it actually was, plaintiff could recover no more than $500 from defendant.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Action by H. L. Brown against John W. Searls. From a judgment for plaintiff, defendant appeals. Modified, and, as modified, affirmed.

This action is by appellee against the appellant for damages predicated upon alleged fraud and deceit practiced in the exchange of property. The defendant denied any fraud or deceit. The court entered judgment in favor of the plaintiff upon the special findings of the jury.

The appellee owned 320 acres of land, which he valued at $26 an, acre. The appellant owned a stock of general dry goods, valued at $11,200 or more. These parties signed a written instrument on January 25, 1915, agreeing that on or before February 20, 1915, if by that time neither party declined to consummate the deal, they would exchange the above land for so much of the dry goods, to be taken at cost and carriage of same, as was necessary to pay for the land at $26 an acre, less the amount of the outstanding vendor's lien notes, which the appellant was to assume and pay off. At that time a cost price was marked on the goods, and the appellant saw and knew of it. The parties finally agreed, on February 20, 1915, to make the exchange; and on February 22, 1915, the appellee executed a deed to the appellant to the land, and the appellant executed a bill of lading to the appellee to about $7,000 worth of the dry goods. The jury made the finding that the parties finally effectuated the exchange under the terms as provided in the written instrument of January 25, 1915, which means that the price of the land was to be fixed at $26 an acre and the price of the dry goods at cost and carriage of same. There is evidence in the record that, after signing the instrument of January 25, 1915, the appellant caused a part of the dry goods to be re-marked as to the price paid for them; and the jury found that the appellee at the time of the final exchange took the dry goods at the price they were then marked, not know-

ing and not having been informed of the change of the marking of a price higher than the cost and carriage of the same. The jury further found that the goods were re-marked to the amount of $500 above the former marking. The appellant's testimony is to the effect that, in adding the increase of price of the goods, he did not do so with the object of making dishonest estimates of price, and thereby inducing the appellee to make the exchange on the higher price, and that appellee was informed of the re-marking; but the testimony of the appellee is to the effect that he did not know of the subsequent re-marking, and that it was concealed from him in order to out-trade him, and to have him take the goods at the higher price, not knowing that the higher price was substituted. The court's judgment involves the finding of fact of alleged fraud and deceit.

There is evidence that the appellant removed some of the dry goods to the Spencer-Collins storeroom prior to the final trade of February 20, 1915. But there is no finding by the jury, and the evidence does not warrant a finding, that fraud or deceit was practiced by the appellant in the removal of the goods and in the quantity of the goods delivered to appellee.

Richardson & Watkins, of Athens, for appellant. Miller & Miller, of Athens, and R. S. Neblett and Ormond Simkins, both of Corsicana, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] Appellant insists that the court erred in entering judgment for the plaintiff on the findings of the jury and under the evidence in the case. Construing the findings of the jury in the light of the evidence, it is believed there is no conflict in the findings. The jury found, it is thought, that (1) the parties finally effected the exchange under the same terms as provided in the written instrument of January 25, 1915, which were that the price of the land should be fixed at $26 per acre and the dry goods were to be valued at the cost and carriage of same; and (2) though the appellee on the final agreement of February 20th took the dry goods at the price then marked on them, he at the time did not know and had not been informed that the goods had been re-marked since January 25, 1915. And the evidence shows that after signing the written instrument of January 25, 1915, and before the taking of the inventory in February, the appellant caused a portion of the dry goods to be re-marked as to the cost price of the same. The issue was as to whether, as alleged and claimed by the appellee, this re-marking was a dishonest estimate of the price of the goods, and was done to deceive and defraud the appellee in the exchange; or, as claimed by the appellant, there was a re-marking of a small portion of the goods, and that was done to correct and represent the real cost and carriage price of the same, and of which appellee was informed, and finally agreed to receive such goods at that price. The effect of the findings and the evidence was to authorize a judgment for the appellee. But, as claimed by the appellant, the amount of the judgment is not warranted by the evidence and the jury findings. The jury found that the goods were re-marked $500 above the first marking. This was the only amount of which appellee may claim he was defrauded through the alleged re-marking of the goods, and for which he should have judgment in his favor.

There was no finding of the jury, nor any evidence to support the finding, that fraud or deceit was practiced by the appellant in the removal of the goods or in the quantity delivered to appellee. Appellee, at the time he finally agreed to the exchange in February, was present and inspected the goods, and saw, or could have seen, the quality and salability thereof. And appellee cannot recover for removal of the goods under the written instrument of January 25th; for, as clearly proven, it was refused to be carried out by the appellant, as he was authorized by its terms to do, before February 20, 1915. The finding of the jury is, not that the instrument of January 25th was carried out and completed by the parties, but merely that the parties finally traded on the same terms respecting prices as those incorporated in the instrument of January 25, 1915.

The judgment is modified, so as to adjudge a recovery in favor of the appellee for $500, and, as so modified, is affirmed. The cost of appeal is taxed against appellee.